USDC SCAN INDEX SHEET







SERVICE EMPLOYEES

COUNTY OF SAN DIEGO

GB
3:90-CV-01211
*100*
*STIPO.*

```
 1  JOHN J. SANSONE, County Counsel
    County of San Diego
 2  DIANE BARDSLEY, Chief Deputy
    By MIRIAM E. BREWSTER, Deputy (SB No. 140757)
 3  1600 Pacific Highway, Room 355
    San Diego, California 92101-2469
 4  Telephone (619) 531-4886

 5  Attorneys for Defendant County of San Diego

 6  CRAIG BECKER, Esq.
    SERVICE EMPLOYEES INTERNATIONAL
 7  UNION, LOCAL 102
    14 West Erie Street
 8  Chicago, Illinois  60610
    Telephone (312) 751-1170
 9
10  Attorney for Plaintiff Lawrence E. Carolan
```

FILED
DEC 1 3 1996
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 102, et al., <br><br> Plaintiffs, <br> v. <br><br> COUNTY OF SAN DIEGO, <br><br> Defendant. | No. 90-1211-GT (M) <br><br> STIPULATED SETTLEMENT BETWEEN PLAINTIFF LAWRENCE E. CAROLAN AND DEFENDANT COUNTY OF SAN DIEGO AND ORDER |

This is an action under the Fair Labor Standards Act, 29 U.S.C. section 209 et seq. ("FLSA"). Plaintiffs are or were employees of defendant County of San Diego (the "COUNTY") who allege violations of the time and one-half overtime provisions of the FLSA. On March 11, 1996, this Court ordered settlement of the litigation according to the terms of a Stipulated Settlement and Order. Paragraph 8a of the Stipulated Settlement required the COUNTY to pay $4.5 million to counsel for plaintiffs, in the form of payroll checks made payable to

100                                    ENTERED ON 12/20/96

individual plaintiffs in the amount determined by plaintiffs' counsel. Paragraph 8c of the Stipulated Settlement required plaintiffs' counsel to obtain a release of claims from each plaintiff prior to transmitting the payroll check to that individual.

Plaintiff LAWRENCE E. CAROLAN ("CAROLAN") did not execute a release of claims and by letter to plaintiffs' counsel dated November 19, 1996, CAROLAN rejected the terms of the Stipulated Settlement. CAROLAN and the COUNTY hereby agree to resolve CAROLAN'S claims on all issues remaining in this litigation on the terms set forth below.

1. **Parties:** The parties to this action are plaintiff Service Employees International Union, Local 102, the individual plaintiffs, including CAROLAN, and defendant COUNTY.

2. **Litigation Claims:** Plaintiffs brought this suit seeking overtime compensation for a period commencing three years prior to the filing of the suit, liquidated damages, attorney's fees and costs.

3. **Defenses:** The COUNTY defended on the grounds that plaintiffs were properly exempted from the overtime provisions of the FLSA, that certain "standby" time was not compensable work time under the FLSA, that it had employment agreements covering the compensation for such standby time, and that it had acted in good faith and with reasonable grounds.

4. **Jurisdiction:** The district court has jurisdiction of this suit under section 16(b) of the FLSA, 29 U.S.C. section 216(b).

5. **Settlement:** CAROLAN and the COUNTY hereby agree to settle CAROLAN'S claims as set forth in this agreement.

6. **Intention to Fully Resolve All Issues Between the Parties:** CAROLAN and the COUNTY intend through this settlement to fully resolve all issues remaining between them in this litigation. Full and

complete settlement has been reached on all issues and the terms of the settlement are set forth in this stipulation. These terms are accepted by CAROLAN and the COUNTY.

7. <u>Complete Release and Waiver:</u> On the basis of the settlement and the implementation of its provisions, CAROLAN agrees to completely release, waive and/or abandon all FLSA claims for the period covered by the suit, whether known or unknown, whether set forth in the complaint in this action or not, and whether against the County, its officers, agents, or its employees, including all claims for back wages, liquidated damages, interest, attorneys' fees, costs, and/or expenses, except as set forth in the settlement.

8. <u>Terms of Settlement:</u>

a. <u>Payment of Wages and Interest:</u> In consideration of the complete release of all claims described in paragraph 7 of this agreement, the COUNTY agrees to pay CAROLAN a total of $105,938.95, $74,157.27 of which represents back wages and $31,781.68 of which represents interest thereon. One-half of the total amount of back wages and one-half the total amount of interest will be paid in the form of a payroll check issued on or before December 31, 1996 and the other one-half of back wages and interest will be paid thereafter, in the form of a payroll check issued on or before March 31, 1997. CAROLAN agrees that he is solely responsible for any federal income tax consequences related to making these payments in two installments.

CAROLAN understands that all wages are subject to appropriate withholdings. CAROLAN further understands that the payments made under this agreement will not be included in the calculation of his retirement benefits.

///

-3-

1        b.  <u>Stipulated Dismissal of Litigation</u>: CAROLAN, through
2  his counsel of record, will file a stipulated dismissal of this
3  litigation with prejudice within 15 days of the release of the first
4  payroll check described in this paragraph.

5      9.  <u>Mutual Waiver of Further Proceedings</u>: CAROLAN and the COUNTY
6  waive any right to further review of the issues raised in this
7  litigation, and to any further review of this Stipulation and Order
8  once approved by this Court, except for enforcement of the payment
9  provisions of the agreement.

10     10.  <u>Approval by the Court</u>: If this stipulation or any part is
11 not approved by this Court, the entire stipulation is invalid and not
12 binding on the parties, unless CAROLAN and the COUNTY agree to modify
13 the stipulation.

14     11.  <u>Non Admission and Limited Application</u>: CAROLAN and the
15 COUNTY agree that this stipulation is based on the facts of this
16 specific action and is intended to apply only to this action.  The
17 stipulation may not be used as an admission on the part of the COUNTY
18 or as a waiver of any defense on the part of the COUNTY in any other
19 proceeding or by any other party.

20     12.  <u>Execution of Agreement in Counterparts, Signatures by
21 Facsimile</u>: The parties may execute this agreement in two or more
22 counterparts and each counterpart shall be deemed an original
23 instrument as against the party who signed it.  Facsimile signatures
24 are acceptable for this agreement and may be filed with the Court.

25     13.  <u>Agreement to All Terms and Request for Court Approval and
26 Order</u>: CAROLAN and the COUNTY hereby agree to all terms set forth in
27 this agreement, and through their respective counsel of record,
28 ///

1  request that this Court approve the settlement set forth in this
2  stipulation and order settlement in accordance with its terms.
3  DATED: 12/11/96          Respectfully submitted,
4                           JOHN J. SANSONE, County Counsel (Acting)
                             DIANE BARDSLEY, Chief Deputy
5
6                           By   *Miriam E. Brewster*
7                                MIRIAM E. BREWSTER, Deputy
                                 Attorneys for Defendant County of San Diego
8
9  DATED:
10
11                          By   _____
                                 CRAIG BECKER, Esq.
                                 Attorney for Plaintiffs Service Employees
12                               International Union, Local 102, et al.
13
   DATED:
14
15                          By   _____
                                 LAWRENCE E. CAROLAN
                                      Plaintiff
16
17
18
19                               O R D E R
20  GOOD CAUSE APPEARING, IT IS SO ORDERED.
21  DATED: 12-13-96
22
23                          _____
                            JUDGE OF THE UNITED STATES DISTRICT COURT
24

1 | request that this Court approve the settlement set forth in this
2 | stipulation and order settlement in accordance with its terms.
3 | DATED:                    Respectfully submitted,
4 |                           JOHN J. SANSONE, County Counsel (Acting)
5 |                           DIANE BARDSLEY, Chief Deputy
6 |                           By
7 |                               MIRIAM E. BREWSTER, Deputy
                                Attorneys for Defendant, County of San Diego
8 |
9 | DATED: 12/10/96
10|
11|                           By
                                CRAIG BECKER, Esq.
12|                           Attorney for Plaintiffs Service Employees
                              International Union, Local 102, et al.
13|
14| DATED:
15|                           By
                                LAWRENCE E. CAROLAN
16|                             Plaintiff
17|
18|
19|                              O R D E R
20| GOOD CAUSE APPEARING, IT IS SO ORDERED.
21| DATED:
22|
23|
                              _____
24|                           JUDGE OF THE UNITED STATES DISTRICT COURT
25|
26|
27|
28|

-5-

request that this Court approve the settlement set forth in this stipulation and order settlement in accordance with its terms.

DATED:                    Respectfully submitted,

JOHN J. SANSONE, County Counsel (Acting)
DIANE BARDSLEY, Chief Deputy

By

MIRIAM E. BREWSTER, Deputy
Attorneys for Defendant County of San Diego

DATED:

By _____
CRAIG BECKER, Esq.
Attorney for Plaintiffs Service Employees
International Union, Local 102, et al.

DATED: Dec. 10, 1996

By /s/ Lawrence E Carolan
LAWRENCE E. CAROLAN
Plaintiff

O R D E R

GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED:

_____
JUDGE OF THE UNITED STATES DISTRICT COURT

-5-